OPINION
Plaintiff Darlene Bridgeman, guardian of Jeffrey B. Sanner, an incompetent, and Starlina Edwards the mother, guardian and next friend of Lucy Sanner, a minor and Nicholas Sanner, a minor, appeal a summary judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of defendant G.A. Simmons, Inc. Intervening plaintiff appellee is the State of Ohio, Bureau of Workers' Compensation. Appellants had brought their intentional tort claim arising out of injuries Jeffrey B. Sanner sustained during the course and scope of his employment with appellee. Appellants assign two errors to the trial court:
ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE-DEFENDANT G.A. SIMMONS, INC.,'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR EMPLOYER INTENTIONAL TORT.
ASSIGNMENT OF ERROR II:
 THE TRIAL COURT ERRED IN FAILING TO RENDER SUMMARY JUDGMENT IN FAVOR OF APPELLANT ON THE SUBROGATION CLAIM OF THE OHIO BUREAU OF WORKERS' COMPENSATION AND FINDING SAID MOTION MOOT.
Appellants alleged Jeffrey Sanner was the employee of appellee during the time appellee was installing a sanitary sewer line in the Village of Hopedale, Tuscarawas County, Ohio. Sanner was a "bottom man", working in the trench as they laid the sewer line. Sanner learned his job through on-the-job training. On the day of the accident, the trench where Sanner was working was approximately 14 to 15 feet deep, and the soil consisted of a clay top with a fractured shale and clay bottom. The trench had apparently been dug on a previous day, and had been sitting over a weekend openly exposed to the weather. OSHA regulations and appellee's safety rules require trench cave in protection when a trench is deeper than five feet unless the excavation is in solid rock. Appellee's trench box was 20 feet long, 4 feet wide, and 8 1/2 feet high, such that when it was placed in the trench more than 5 feet of the 15 foot deep trench walls were unguarded. Furthermore, the trench was approximately 48 feet long, while the trench box was only 20 feet long, leaving more than half of the length of the trench totally unguarded. On May 26, 1998, a portion of the trench, 12 to 14 feet high, 20 to 25 long, and 4 to 6 feet thick collapsed on Sanner, burying him to the top of his shoulders. It took approximately 40 minutes to an hour to extricate him from the trench and transport him to Akron General Hospital. Sanner suffered brain damage as a result of being unable to breath properly, injuries to his shoulder, arm, pelvis, and back, hearing loss, and depression. As a result, the Probate Court of Tuscarawas County appointed Bridgeman as Sanner's guardian.
 I
Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 321. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35. In their first assignment of error, appellants urge the trial court impermissibly weighed the evidence, and determined appellants failed to demonstrate an employer intentional tort under Ohio Common Law. Appellants urge reasonable minds could differ as to whether the evidence demonstrated they had come forward with sufficient evidence in support of their intentional tort claim. The trial court found no genuine issue as to any material fact, and found appellants failed to present sufficient evidence to satisfy the second of three factors set forth in Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115. In Fyffe, the Ohio Supreme Court set forth the elements of an employer intentional tort. They are: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; (3) the employer under such circumstances, and with such knowledge, did act to require its employee to continue to perform the dangerous task, Fyffe, syllabus by the court. Appellant urges prior to Sanner's injury, appellee had actual knowledge the trench in question had been open for 4 days, was unstable, dangerous, susceptible to collapse, and unguarded, rendering it extremely dangerous. Appellants also urge the record demonstrates appellee was aware of prior incidents of trench cave-in's, which resulted in severe injury or death, and for this reason, appellee knew injury or death was substantially certain. Appellant argues nevertheless appellee required Jeffrey Sanner to work under the dangerous conditions. The trial court found the evidence presented by the appellant had failed to establish by sufficient quantum of evidence that an issue of material fact existed regarding whether appellee knew or believed injury to Sanner was substantially certain to occur. The Supreme Court's explanation of an intentional tort of an employer is helpful here. Proof beyond that required to prove negligence must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligent. As the probability of harm increases, a particular consequence may follow, then the employer's conduct may be reckless. As the probability that the consequences will result further increases, and the employer knows that injuries to employees are certain or substantially certain to result, and the employer still proceeds, then the law will treat the employer as if it had intended to produce the result. However, knowledge and appreciation of the risk short of substantial certainty does not establish an intentional tort, Fyffe, supra, syllabus. Appellee urges appellants' evidence demonstrates appellee was aware trench cave-in's occurred if safety procedures were not in place. Appellee argues, that the mere fact that a danger exists within trench excavation is not sufficient to establish knowledge on the part of the employer that injuries or death are certain to occur. In his deposition, Sanner conceded no one at the site saw signs the cave-in was imminent. In Young v. Miller Brothers Excavating, Inc. (July 26, 1989), Montgomery Appellate Nos. 11306, 11307, unreported, the Court of Appeals found failure to institute safety measures may be negligent, or wanton and reckless, but do not necessarily establish intent. In Young, the employer had experienced a prior cave-in, and yet, the court declined to find the second trench collapse, which injured the worker, was substantially certain to occur. Appellee concedes all excavation work carries with it a danger of cave-in's, but urges the record does not demonstrate appellee had knowledge this particular trench was substantially certain to cave in on its employees. Although appellants are correct in asserting the trial court may not weigh evidence on a motion for summary judgment, nevertheless the court must determine the threshold matter of whether a plaintiff has set forth legally sufficient evidence of each essential element of his case. We stand in the trial court's shoes in reviewing an appeal from a summary judgment, Smiddy, supra. We have reviewed the record, and we find the trial court did not err in holding appellant's evidence was legally insufficient to meet the requirements of Fyffe, supra, and its progeny. The first assignment of error is overruled.
 II
In their second assignment of error, appellants urge the trial court erred in overruling their motion for summary judgment, which asked the court to hold appellee the Ohio Bureau of Workers' Compensation could not prevail on its subrogation claim. The trial court found the matter was moot because it rejected appellant's intentional tort claim. R.C. 4123.93
provides for automatic subrogation against a third party. Because we agree with the trial court appellants cannot prevail on their intentional tort claim, we likewise find this issue to be moot. Accordingly, the second assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
 __________________ Gwin, P.J.,
Wise, J., and Edwards, J., concur